**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1272-23

IN THE MATTER OF LEAVE TO
FILE A LATE NOTICE OF CLAIM
PURSUANT TO THE NEW JERSEY
TORT CLAIMS ACT ON BEHALF
OF NAKEEDAH S. GREGG,
FAHIM H. GREGG, ROYAL
GEOFROY, a minor by his Guardian
Ad Litem, NAKEEDAH S. GREGG.

_____

Submitted April 29, 2025 – Decided June 12, 2025

Before Judges Bishop-Thompson and Augostini.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. L-3328-23.

Brandon J. Broderick, LLC, attorneys for appellants Nakeedah S. Gregg, Fahim Gregg, and Royal Geofroy (Eric J. Plantier, on the brief).

Matthew J. Platkin, Attorney General, attorney for respondent State of New Jersey (Janet Greenberg Cohen, Assistant Attorney General, of counsel; Elizabeth Merrill, Deputy Attorney General, on the brief).

Bruce H. Bergen, County Counsel, attorney for respondent County of Union (Moshood Muftau, First Deputy County Counsel, on the brief).

La Corte, Bundy, Varady & Kinsella, attorneys for respondents City of Elizabeth and Elizabeth Police Department (Christina M. DiPalo, on the brief).

PER CURIAM

This appeal stems from a motor vehicle accident and the late filing of notices of claim under the New Jersey Tort Claims Act (TCA), N.J.S.A. 59:1-1 to -12-3. Plaintiffs Nakeedah S. Gregg, Fahim H. Gregg and Royal Geofroy, a minor, appeal from a November 17, 2023 order denying their motion for leave to file late notices of claim. We affirm the court's order denying the adult-plaintiffs' motion for leave to file late notices of claim. However, as to the minor-plaintiff, we reverse and remand for the court to consider anew the filing of a late notice of claim in light of the tolling provision under N.J.S.A. 59:8-8 for claims brought by a minor.

I.

We summarize the undisputed facts from the motion record. On November 11, 2022, plaintiffs' motor vehicle was struck by another vehicle on

Route 22 in Union Township. Nakeedah[1], the driver of the vehicle, Fahim and their then two-year-old-child, passengers in the vehicle, were injured.

On November 30, 2022, plaintiffs requested a copy of the police report from the collision. The report identified the other driver as Emanuel O. Maganinho and his address as 10 Elizabethtown Plaza, 3rd Floor, Elizabeth, which was the address for the Union County Administration Building. The report also identified the owner of the vehicle driven by Maganinho as EAN Holdings, LLC, which plaintiffs' counsel determined was Enterprise Rent-A-Car (Enterprise).

On December 21, 2022, plaintiffs' counsel sent a letter via email to Enterprise's Rental Claims Services and provided information regarding the accident, including the driver's name and address. On June 26, 2023, during discussions with Enterprise regarding insurance policies, plaintiffs learned that the other vehicle had been rented by defendant Union County (County). On or about July 21, 2023, plaintiffs allege that Enterprise further advised that the vehicle had been rented for use by County police officers.

---

[1] To avoid confusion, we refer to the parties by their first names because they share the same surname. We intend no disrespect.

A-1272-23

Between August 11, 2023 and August 15, 2023, plaintiffs served tort claim notices upon defendants County and County of Union Department of Public Works (DPW), New Jersey Office of the Attorney General, State of New Jersey Department of Law & Public Safety, and Enterprise. Through additional research, plaintiffs learned that Maganinho is an Elizabeth police officer. On September 20, 2023, plaintiffs served a tort claim notice on defendants the City of Elizabeth and Elizabeth Police Department (collectively, the City). The City and County rejected the notices of claim as untimely. On October 10, 2023, plaintiffs filed a motion seeking leave to file a late tort claim notice.

On November 17, 2023, the trial court denied plaintiffs' motion and the County's cross-motion as moot. The court found that plaintiffs failed to demonstrate extraordinary circumstances to justify the late filing of a notice of claim. The trial court reasoned that plaintiffs' counsel "had access to defendant's . . . name [and c]ould have looked him up . . . ." The court explained that a more diligent inquiry could have been done to determine who "Maganinho was employed by . . . ." and cited to McDade v. Siazon, 208 N.J. 463 (2011). The trial court found that no such research was done, nor any reason given for failing to do so. The trial court did not address the effect of the tolling provision of

N.J.S.A. 59:8-8 on the minor-plaintiff's claim and the parties did not raise this issue. This appeal followed.

II.

"[C]laims against a public entity for damages are governed by the [TCA], N.J.S.A. 59:1-1 to -12-3." D.D. v. Univ. of Med. & Dentistry of N.J., 213 N.J. 130, 146 (2013). N.J.S.A. 59:8-8 requires "that a timely pre-suit notification about the existence of a claim and its particulars" be served on defendants "within ninety[-]days of a claim's accrual . . . ." Ibid. In the case of personal injury, generally speaking, "the date of accrual will be the date of the incident on which the negligent act or omission took place." Beauchamp v. Amedio, 164 N.J. 111, 117 (2000). In the case of a minor, N.J.S.A. 59:8-8 "tolls the requirement . . . to file a tort claims notice until ninety[-]days after [the] minor's eighteenth birthday." Est. of Dunmore v. Pleasantville Bd. of Educ., 470 N.J. Super. 382, 388 (2022).

The "'harshness' of the ninety-day [notice] requirement is alleviated" only "under limited circumstances." D.D., 213 N.J. at 146 (citing Rogers v. Cape May Cnty. Off. of the Pub. Def., 208 N.J. 414, 420 (2011)). Once the ninety-day deadline has passed, N.J.S.A. 59:8-9 permits a claimant to file a motion, seeking leave to file a late tort claim notice within one year of the accrual of the

cause of action. The success of the motion depends upon the applicant "showing sufficient reasons constituting extraordinary circumstances for his [or her] failure to file notice of claim with the period of time prescribed by . . . [N.J.S.A.] 59:8-8 . . . ." N.J.S.A. 59:8-9.

A trial court's decision to grant or deny "permission to file a late notice of claim 'is a matter left to the sound discretion of the [] court.'" Beyer v. Sea Bright Borough, 440 N.J. Super. 424, 429 (App. Div. 2015) (quoting R.L. v. State–Operated Sch. Dist., 387 N.J. Super. 331, 340 (App. Div. 2006)) (internal quotation marks omitted). However, the trial court's discretion should be exercised with "the larger context of the clear legislative intent that the waiver of sovereign immunity be limited." D.D., 213 N.J. at 148. Therefore, the trial court is required to expressly make findings regarding prejudice to the public entity and the extraordinary circumstances for the delay in filing. Allen v. Krause, 306 N.J. Super. 448, 455-56 (App. Div. 1997). However, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

On appeal, plaintiffs raise two points, alleging the trial court erred by: (1) failing to identify the cause of action's accrual date in its analysis, and (2)

finding that plaintiffs failed to demonstrate extraordinary circumstances justifying the filing of a late tort claim notice. For the first time on appeal, plaintiffs argue that the trial court erred in its analysis because it did not directly address the accrual date for the cause of action before it engaged in its analysis of whether extraordinary circumstances existed.

We generally decline to consider issues not brought to the trial court's attention "unless the questions [] raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest." Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (quoting Reynolds Offset Co., Inc. v. Summer, 58 N.J. Super. 542, 548 (App. Div. 1959)). However, an issue not raised before the trial court may be considered if inherent to the issues raised below. Floyd v. Morristown European Motors, Inc., 138 N.J. Super. 588, 592 (App. Div. 1976). In such cases where we decide to address an issue not previously raised, the plain error rule applies, requiring a showing of error "clearly capable of producing an unjust result." R. 2:10-2.

Here, there is no dispute that plaintiffs' cause of action accrued at the time of the accident on November 11, 2022, when plaintiffs, including their then two-year-old-child, sustained injuries. The timeliness of a tort claim notice hinges on the accrual date, which is "[g]enerally . . . the date of the incident on which

A-1272-23

the negligent act or omission took place." Beauchamp, 164 N.J. at 117. Clearly, on the date of the incident, plaintiffs were aware of their injuries and that those injuries were a result of the accident caused by the other driver.

The trial court's analysis properly focused on whether plaintiffs had established extraordinary circumstances because there was no dispute about the accrual date. Moreover, the court noted that "[p]laintiff[s] allege[] they suffered injuries when [] defendant, Emanuel Maganinho . . . operated a vehicle that struck [their] vehicle on Route 22 at the intersection of [Route] 80 [in] Union Township." Plaintiffs' counsel agreed with the court's summary of these facts. Thus, in its analysis, the court used the date of the accident as the accrual date. Consistent with our Supreme Court's holdings in Beauchamp and McDade, "[u]nder well-established principles, [plaintiffs'] claim accrued at the time of [their] accident when [they] sustained [] injur[ies] that would have been actionable if inflicted by a private individual." Beauchamp, 164 N.J. at 121 (citing Fuller v. Rutgers, State Univ., 154 N.J. Super. 420, 423 (App. Div. 1977)); McDade, 208 N.J. at 475. We are satisfied the court's use of the date of the accident as the accrual date in its legal analysis relative to the adult-plaintiffs' claim did not constitute plain error.

8

However, neither the parties nor the court addressed the timeliness issue as it pertained to the minor-plaintiff. N.J.S.A. 59:8-8 provides:

> A claim relating to a cause of action for death or for injury or damage to person or to property shall be presented as provided in this chapter not later than the [ninetieth] day after accrual of the cause of action. After the expiration of six months from the date notice of claim is received, the claimant may file suit in an appropriate court of law. The claimant shall be forever barred from recovering against a public entity or public employee if:
>
> a. The claimant failed to file the claim with the public entity within [ninety] days of accrual of the claim except as otherwise provided in N.J.S.59:8-9; or
>
> b. Two years have elapsed since the accrual of the claim; or
>
> c. The claimant or the claimant's authorized representative entered into a settlement agreement with respect to the claim.
>
> Nothing in this section shall prohibit a minor or a person who is mentally incapacitated from commencing an action under this act within the time limitations contained herein, after reaching majority or returning to mental capacity.

As a result of our de novo review, the minor-plaintiff's claim is distinct from the adult-plaintiffs' claims under N.J.S.A. 59:8-8 and must be considered separately by the trial court. Therefore, we remand the matter as to the minor-

9

plaintiff only for the trial court to consider anew the motion for leave to file a late notice of claim applying N.J.S.A. 59:8-8.

Next, plaintiffs contend the court abused its discretion by not finding extraordinary circumstances justifying the late filing of notices of claim for the adult plaintiffs. Plaintiffs argue the police report gives no indication that the vehicle or driver involved with the accident were affiliated with a public entity.

Here, once plaintiffs received the police report on or about November 30, 2022, they had several items of information that, with diligent and reasonable efforts, would have led them to discover that the driver of the other vehicle was a public employee, acting within the scope of his employment. The police report lists the driver's address as the Union County Administration Building, a detail that is easily verifiable. Plaintiffs acknowledge that the codes included in the report denote that the vehicle operated by Maganinho was for "government" use[2] and "police" special function.[3] Yet, plaintiffs did not investigate this information. As defendants County, DPW, and City point out, information regarding the State of New Jersey Police Crash Investigation Report codes are publicly available. Moreover, as the trial court duly found, plaintiffs offered no

---

[2] Box 110 with code "03" entered reflects government use.

[3] Box 112 with code "02" entered reflects "police" special function.

explanation for failing to explore this information by looking up the address of Maganinho, filing an Open Public Records Act request, or conducting a public records search or internet search of the information in the report. Such failure, as the court concluded, "does not constitute extraordinary circumstances." Thus, we discern no abuse of the court's discretion in rejecting the adult-plaintiffs' claims for failing to demonstrate extraordinary circumstances.

Because we are satisfied the court did not err in rejecting the adult-plaintiffs claims, we need not reach the issue of whether defendants would have suffered prejudice from the filing of a late notice.

In summary, based on our de novo review, as to the adult-plaintiffs' claims, we are satisfied the trial court did not err in utilizing the date of the accident as the accrual date. Further, we do not discern an abuse of discretion in the trial court's finding that there were no extraordinary circumstances here justifying a late notice. However, with respect to the minor-plaintiff's claim, we reverse and remand for the court to consider anew, based on N.J.S.A. 59:8-8, the motion for leave to file a late notice of claim.

Affirmed in part; reversed and remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

11